BRIDGET E. McNULTY, as Administratrix, etc., of JAMES McNULTY, Deceased, Appellant, v. LYMAN M. HURD, Respondent.

*Surrogate — jurisdiction of — to direct payment of judgment against an intestate.*

A surrogate has power, on an application made by the owner of a judgment against the intestate, to require the administrator to pay the same, where the validity of the judgment is not disputed, but only its ownership and the amount due thereon.

APPEAL by the administratrix from a decree of the surrogate of Kings county, directing the appellant to pay the amount of a judgment against her intestate to the respondent.

*McGuire & Kuhn*, for the appellant.

*John S. Berry* and *Joseph Carson*, for the respondent.

DYKMAN, J. :

The respondent is the owner of a judgment obtained against James McNulty, the intestate of the appellant, and on his application, the surrogate of Kings county made an order requiring the appellant to show cause why he should not be required to pay the same.

The appellant denied that the respondent was the owner of the judgment, claimed that it had been paid, and then denied the jurisdiction of the surrogate to determine the issue so raised.

The objection was overruled, and a decree for the payment of the amount remaining unpaid upon the judgment was made, after testimony had been taken which established the judgment, the respondent's ownership of the same, and the amount unpaid thereon. The only question on this appeal is, whether the surrogate had power to decree the payment of the judgment.

Surrogates' Courts are of limited jurisdiction, and their powers are special, and given and defined by statute. The provisions which relate to the subject under consideration are, that every surrogate shall hold a court, and shall have power to direct and control the conduct, and settle the accounts of executors and administrators, to

enforce the payment of debts and legacies, and the distribution of the estates of intestates. (2 R. S., 220, § 1.)

It is further provided, that when an account shall be rendered and finally settled, and any part of the estate remains to be paid or distributed, the surrogate shall make a decree for the payment and distribution of what shall so remain, to and among the creditors, legatees, widow, and next of kin, and in such decree, shall settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share, to whom the same shall be payable and the sum to be paid to each person. (2 R. S., 95, § 71.)

The judicial construction of these statutes is, that under them the surrogate has no power to adjudicate in reference to a disputed claim. The considerations which have induced this construction, seem to have been, that these disputed claims often involve tedious litigation and intricate questions of law and fact; and that it would devolve upon Surrogate's Courts labor and responsibility beyond the object of their institution, if they could be called upon to determine all the controversies that arise in respect to such disputed claims.

Now, although the rule is well settled in our courts, yet it must be acknowledged, that the reason for it is not very satisfactory, and is not so strong as to require it to be extended further than it has already been carried.

So far as our researches have gone, we do not find that it has been applied to the case of a judgment where the claim has been liquidated and no further litigation is to be had, where the claim is not disputed, but only its ownership, and the amount remaining unpaid upon it. Let it be borne in mind, that here was an account rendered by the administrator and an inquiry into the assets, and that they were found sufficient to pay the judgment.

There is no reason, either in the analogies of the law or in public policy, why the surrogate should not have entertained jurisdiction of this case. The original claim against the appellant's intestate had been liquidated and fixed by the judgment, and to compel the claimant to establish his judgment before any other tribunal, would have been an idle ceremony, especially as the validity of the judgment was not questioned.

We think this was not a disputed claim within the true meaning and intention of the statute. The judgment was the claim, and

about that there was no controversy. The appellant does not gainsay it; all he says, is, the respondent does not own it and it has been paid. This amounts to an admission that the claim was at some time valid and subsisting, and is entirely inconsistent with the idea of any dispute in relation to its validity as a claim. It is true this judgment is not conclusive upon the appellant, and she might show it was paid and thus destroy its existence as a claim; but there is no reason why the surrogate should have refused to proceed further with the respondent's petition, merely because there was an allegation of payment.

Whether the judgment was paid in whole or in part or was owned by the claimant, were questions relating to the claim which assumed its existence; and the statute requires the surrogate to settle and determine all questions concerning any debt or claim. The foregoing views, which seem to be so consonant with reason and principle, are not without support from authority.

The chancellor had the question before him in the case of *Kidd* v. *Chapman* (2 Barb. Ch., 414), and gave it a fair examination, and he there held that the surrogate had the power to decree the payment of a judgment recovered against the testator in his lifetime, although the executor does not ask for a final settlement of his accounts.

In *The Matter of Phyfe* (5 New York Legal Observer) it was held that the fact of admission as well as of judgment could be tried, and the surrogate had jurisdiction for that purpose. It is true, Mr. Justice BROWN made some criticism of the case of *Kidd* v. *Chapman,* in his opinion in the case of *Wilson* v. *The Baptist Society* (10 Barb., 319), but one of his associates did not concur in that part of his opinion, and the other expressly dissented from the whole of it.

We think the criticism was unwarranted, and that the opinion of the chancellor takes the correct view.

The decree of the surrogate must be affirmed, with costs.

BARNARD, P. J., dissented.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Decree of surrogate affirmed, with costs.